UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

—————————————————

In re:

TRACY L. JONES,                                    Case No. DK 11-00175
                                                   Hon. Scott W. Dales
            Debtor.                                Chapter 13
————————————————————————/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

Chapter 13 debtor Tracy L. Jones ("Debtor") filed a Motion for Hardship Discharge (the "Motion") under 11 U.S.C. § 1328(b).[1]  The court held a hearing to consider the Motion and the Debtor, through counsel, made an evidentiary proffer.  The court notes that the Chapter 13 Trustee does not oppose the Motion nor does any other creditor.  Nevertheless, the court has an independent obligation to review the Motion and to consider the proffer. As expressed at the hearing, the court has doubts about the timing and merits of the Motion, notwithstanding the Debtor's uncontested proffer.

A chapter 13 "hardship" discharge —a discharge before completion of plan payments— is available to a debtor who establishes the following three elements:

> (1) the debtor's failure to complete such payments is due to circumstances for which the debtor should not justly be held accountable;
>
> (2) the value, as of the effective date of the plan, of property actually distributed under the plan on account of each allowed unsecured claim is not less than the amount that would have been paid on such claim if the estate of the debtor had been liquidated under chapter 7 of this title on such date; and

---

[1] Further statutory citations in this Opinion shall refer to Title 11 of the United States Code unless otherwise indicated.

(3) modification of the plan under section 1329 of this title is not practicable.

11 U.S.C. § 1328(b).  Here the Debtor's proffer recites that her chapter 13 plan and payments were premised largely on the income that she and her husband earned from their respective employment.  As it turns out, the Debtor and her husband are separated and in the process of obtaining a divorce. The divorce, however, is not yet final and the family court has not determined whether or to what extent either spouse will owe the other for spousal or child support.  The proffer indicated that the spouses intend to pursue joint custody of their minor children, which suggests that the divorce court will not award child support, but child and spousal support are open issues at this time.

It became clear during the hearing that the hardship upon which the Debtor premises her Motion is the pending divorce and the ensuing financial impact.[2]  As is common, the divorcing parties find themselves with diminished income and increased expenses because, as it frequently turns out, "two can live as cheaply as one."  The combination of diminished income and increased expenses presents profound difficulties when one or more of the spouses is a debtor under chapter 13, particularly after confirmation of a plan predicated on two incomes.

Here, the Debtor's proffer also established that she has suffered a reduction in hours at her employment and that she is having difficulty making ends meet.  For this reason, she contends that an amendment of the chapter 13 plan is impracticable.  She also contends, without contradiction from the Trustee, that the unsecured creditors have received more under the

---

[2] The text and structure of the statute suggest that Congress had something more in mind when it referred to "circumstances" in § 1328(b)(1) than simply the inability to make plan payments. Indeed, the requirement of impracticability found in § 1328(b)(3) would seem to address the financial piece of the hardship discharge puzzle. Interpreting "circumstances" as meaning the financial difficulty itself would conflate cause and effect, making § 1328(b)(1) a tautology. Congress requires the court to consider the cause of the financial problems —the "circumstances" leading to the inability to make the plan payments— and the debtor's role, if any, in creating the problem.

provisions of the confirmed plan than they would have received had the estate been liquidated under chapter 7. As noted above, the court's concerns with the Motion are twofold.

First, given that the Debtor's financial situation is in flux because the divorce arrangements are not finalized, the court is not prepared to say that an amendment of the chapter 13 plan is impracticable. It is conceivable that the Debtor's husband, who reportedly has a good job, may be required to pay spousal support that could be included as disposable income to fund an amended plan. In this respect, the Motion is premature. Moreover, the proffer was rather indefinite in response to the Trustee's questioning regarding the predicted duration of the decrease in the Debtor's hours and therefore the potential for income in her present position. She blamed health care reform and other factors for the decreased hours, but her proffer seemed altogether too indefinite to support a finding under § 1328(b)(3).

Moreover, many courts have understood the "hardships" warranting a so-called "hardship discharge" to mean only extraordinary and generally catastrophic events involving a debtor's physical or mental well-being or other unusual circumstances beyond a debtor's control. *See, e.g., In re Schleppi*, 103 B.R. 901, 903 (Bankr. S.D. Ohio 1989) (Cole, J.) (*citing In re Dark*, 87 B.R. 497 (Bankr. S.D. Ohio 1988)). Other courts, however, take a less strict view, analogizing a chapter 13 hardship discharge to a chapter 7 discharge, which ordinarily does not merit "special vigilance" or additional *gravitas*. *In re Grice*, 319 B.R. 141, 146 (Bankr. E.D. Mich. 2004). Rather than rejecting various circumstances categorically, courts generally take a more deliberate approach to questions under § 1328(b), as Judge Shefferly did in *Grice*, citing the First Circuit Bankruptcy Appellate Panel's influential opinion in *In Bandilli*, 231 B.R. 836 (1st Cir. BAP 1999) (setting forth factors).

A court ought not reject outright the financial difficulties resulting from divorce as circumstances warranting a discharge before completion of plan payments, *see, e.g., Schleppi* (reluctantly finding divorce-related circumstances qualify as hardship), but the prevalence of divorce and the often-complicated and personal reasons for marital discord make it difficult to assess culpability. Indeed, many states (including Michigan) have moved toward "no-fault" divorces perhaps for these reasons.   Although Michigan may recognize a "no fault" divorce, as Debtor's counsel noted during the hearing, the requirement of showing "circumstances for which the debtor should not *justly be held accountable*" seems to require the court to consider culpability and relative fault, uncomfortable as that may be to all concerned. 11 U.S.C.  § 1328(b)(1) (emphasis added).

The Debtor's proffer suggested, as noted above, that the pending divorce and marital discord (and the financial fallout) produce the hardship upon which she bases the Motion, yet the court has no substantial basis in the record for making any finding that the Debtor should not be held accountable for these circumstances.   In short, the court is unable to find by a preponderance of the evidence that the Debtor has met the requirements of § 1328(b)(1) and therefore will deny the Motion without prejudice to renewal.

Perhaps after the divorce proceedings reach their conclusion, the Debtor may be in a better position to prosecute a motion for hardship discharge, or perhaps the Debtor may elect relief under chapter 7 (as she attempted to do already).[3]   The court, however, will insist upon a

---

[3] The Debtor previously filed a motion to convert her chapter 13 case to chapter 7, and then promptly filed a withdrawal of the motion to convert.  The procedure employed —filing a motion under § 1307(a)— is inconsistent with Fed. R. Bankr. P. 1017(f)(3) which contemplates that conversion from chapter 13 to chapter 7 will be accomplished without a motion and without a court order.  Under the circumstances of this case, it appears that the Debtor intends to remain in chapter 13 and notwithstanding the court's usual practice in response to "motions" to convert under § 1307(a), the court will regard this case as proceeding under the provisions of chapter 13.

more substantial showing that the circumstances surrounding the divorce qualify under § 1328(b)(1) and that amendment is not practicable under § 1328(b)(3).

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 47) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon the Debtor, Paul Gipson, Esq., attorney for Debtor, Courtney Roberts, Esq., and all parties listed on the court's mailing matrix.

END OF ORDER

**IT IS SO ORDERED.**

**Dated June 12, 2014**



_____
Scott W. Dales
United States Bankruptcy Judge